WO

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, ) | |
| Plaintiff, ) | |
| ) | CR 13-1208 TUC DCB (BPV) |
| v. ) | |
| ) | **O R D E R** |
| Salvador Sandoval-Lopez, ) | |
| Defendant, ) | |

The Court accepts and adopts the Magistrate Judge's Report and Recommendation (R&R) as the findings of fact and conclusions of law of this Court and denies Defendant's Motion to Suppress Statements for Lack of Voluntariness. (R&R (Doc. 161)).

MAGISTRATE JUDGE'S RECOMMENDATION

On March 10, 2014, Magistrate Bernardo P. Velasco issued a R&R in regard to Defendant's Motion to Suppress Statements for Lack of Voluntariness (Doc. 104). The Magistrate Judge found the Defendant's claim that he would have invoked his rights "had he known" them to be self serving. (Minute Entry Order (Doc. 161) at 2.)[1] The Magistrate Judge recommends this Court deny the Motion to Suppress Statements for Lack of Voluntariness. The Defendant objects to the R&R. He argues the Magistrate Judge failed to consider relevant factors concerning voluntariness.

---

[1] The Magistrate Judge denied the Defendant's Motion to Suppress Identification Testimony (Doc. 103) because agents were involved in a matter of urgency, given the circumstances of the case which included other potential victims being held hostage and subject to serious risk of violence. (Minute Entry (Doc. 161) at 2; (Hearing 3/1/14 (TR) at 11.) The denial of the Motion to Suppress Identification Testimony is not challenged in Defendant's Objection.

STANDARD OF REVIEW AND CONCLUSION

The duties of the district court in connection with a R&R are set forth in Rule 59 of the Federal Rules of Criminal Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b)(1). "The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b); *see also* Fed. R. Crim. P. 59(b)(3).

Where the parties object to a R&R, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). When no objection is filed, the district court need not review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). Therefore, to the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also,* Fed. R. Cr. P. 59(b) (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the Defendant's Objection, the Government's Response, and the parties' briefs considered by the Magistrate Judge on the Motion to Suppress in respect to the argument presented in the Objection.

OBJECTION

The Defendant correctly notes that "[a] statement from an accused defendant is admissible in evidence only if it was freely and voluntarily made." (Objection (Doc. 164) at

- 2 -

2 (citing *Colorado v. Connelly*, 479 U.S. 157, 163 (1986)). "The test for determining the voluntariness of a suspect's confession is whether, under the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by inducement, such that the suspect's will was overcome." *Id.* at 3 (citing *United States v. Coutchavlis*, 260 F.3d 1149, 1158 (9th Cir.2001); *Haynes v. Washington*, 373 U.S. 503, 513–14, (1963)). "The court should consider various circumstances, including: (1) whether there was police coercion; (2) the length of the interrogation, its location, and its continuity; (3) whether police advised the suspect of his rights; and (4) whether there were any direct or implied promises of a benefit." *Id.* (citing *Clark v. Murphy*, 331 F.3d 1062, 1072 (9th Cir.2003)). "Courts should also consider defendant's age and education, the nature of the questioning, and the use or threat of physical punishment." *Id.* (citing *United States v. Haswood*, 350 F.3d 1024, 1027 (9th Cir.2003), *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973)).

The burden is on the Government to prove voluntariness by a preponderance of the evidence. *Id.* (citing *United States v. Leon Guerrero*, 847 F.2d 1363, 1365 (9th Cir. 1988). A defendant's waiver of his *Miranda* rights is a significant factor in the totality of the circumstances analysis, which while it does not render moot the voluntariness inquiry, *id.*, (citing *Dickerson v. United States*, 530 U.S. 428, 433–34 2326 (2000), does press the Defendant to articulate some factual allegation sufficient to challenge the propriety of the *Miranda* warning, (Response (Doc. 136) at 3 (citing *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000); *United States v. Harris*, 914 F.2d 927, 933 (7th Cir. 1990).  The Court has reviewed the Defendant's Motion to Suppress and finds it "was comprised of boilerplate language[,] [i]nstead of alleging specific deficiencies in [the] *Miranda* admonition[.]" *Howell*, 231 F.3d at 620.  The Court questions whether an evidentiary hearing was even required based on such assertions.

In his Objection, Defendant asserts the Magistrate Judge "failed to consider in totality circumstances including Mr. Sandoval-Lopez' advanced age, his serious physical and mental health issues, his lack of prior involvement with the criminal justice system, his lack

of familiarity with *Miranda* warnings, his non-native status, the length of the questioning and the number of agents involved in the investigation." (Objection (Doc. 164) at 4.)

At the hearing, the evidence reflected that the Defendant was read his *Miranda* rights in Spanish from a form. The adequacy of the rights contained on the form are undisputed. The Defendant testified that he didn't remember being read the *Miranda* form and didn't remember signing it, but admitted nevertheless that it was his signature attached to the form. There was evidence presented that Defendant is about 60 years old. He takes medication, and took his medication the day of his arrest. He had eaten and drank approximately 2 hours prior to the interview. He could not remember whether he had a good night sleep the night prior to his arrest. The testimony at the motions hearing reflects that the Defendant generally understands and can articulately answer questions in Spanish, which was the language used to deliver the *Miranda* warning and to conduct his interview. He testified that during the interview he was confused by and pressured to give answers because there were multiple agents asking him multiple questions at the same time, and he was a little bit tired, hungry and thirsty. Defense counsel asked him: if he knew he did not have to answer questions would he have answered them. Defendant responded: no.[2]

The Court agrees with the Magistrate Judge that the Defendant's claim he would have invoked his right if he had known them is self serving. First, the Court notes that the Defendant presented no evidence that the Defendant has any serious physical or mental issues due to either his age, any medical condition or medication. Assuming he has a lack of prior involvement with the criminal justice system and, correspondingly, a lack of familiarity with *Miranda* warnings, the Court finds that the information provided to him from the *Miranda* form was a sufficiently clear and informative warning. The Defendant fails to explain the significance of his non-native status; clearly he understood Spanish. While the length of the questioning and the number of agents involved in the investigation may have been tiring and confusing to him, the Court finds it did not rise to the level of

---

[2]The Court listened to the recorded record of the motions hearing and summarizes the testimony, which was heard between 9:30:19AM and 10:33:03AM. (Hearing 3/14/2014)

- 4 -

being physically or psychologically coercive, such that Defendant's will was overcome. The Court having considered these various relevant factors for assessing the totality of the circumstances, the Court agrees with the Magistrate Judge's finding that the Defendant's claim that he would not have voluntarily confessed "if he had known" was no more than a self serving assertion.

## CONCLUSION

After *de novo* review of the issues raised in Defendant's Objection, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in the R&R for determining the pending Motion to Suppress Statements-Lack of Voluntariness. The Court adopts it, and for the reasons stated in the R&R and here, the Court denies the motion.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, the Magistrate Judge's Report and Recommendation (Doc. 161) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that the Motion to Suppress Statements- Lack of Voluntariness (Doc. 104) is DENIED.

**IT IS FURTHER ORDERED** that the Motion to Suppress Identification Testimony (Doc. 103) is DENIED.

DATED this 21st day of April, 2014.

David C. Bury
United States District Judge